19176. WARDLAW, executrix, *v.* WITHERS, executor.

DECIDED APRIL 10, 1929.

*David F. Pope,* for plaintiff in error. *S. W. Fariss,* contra.

JENKINS, P. J. This was a suit by Withers, as executor of Dickerson, against Mrs. Josie Wardlaw, as executrix of P. C. Wardlaw, seeking to recover a payment that the plaintiff, as executor, made to the defendant as executrix, on a fi. fa. held against one Hunt as principal and the plaintiff's testator as surety. The petition shows that the fi. fa. had become not only dormant but dead during the period of the plaintiff's administration, and the plaintiff seeks to recover upon this ground, alleging that he, as executor, made the payment believing that the defendant held a superior

lien against the assets belonging to Dickerson's estate. He further seeks a recovery upon the ground that the fi. fa. on which the payment was made had become extinguished by reason of the act of defendant's testator, Wardlaw, in satisfying the same as against the principal debtor, which satisfaction was in the form of a written release, and was entered upon the execution docket. The plaintiff sets forth that at the time the payment was made he had no actual knowledge of the release. On the trial of the case the defendant pleaded that the release referred to was invalid, in that the name of Wardlaw signed thereto was a forgery. In support of this contention the defendant introduced evidence showing efforts on the part of Wardlaw to collect the fi. fa. from Hunt after the date of the purported release, and evidence showing an actual payment on the fi. fa. by Hunt after the date of the purported release.

1. "An administrator in his discretion may relieve a debt from the bar interposed by the lapse of time, by a new promise to pay: Provided, such bar had not occurred in the lifetime of his intestate." Civil Code (1910), § 4009. In the absence of fraud, accident, or mistake, such a payment will be deemed voluntary, even though made in ignorance of the law governing the time when executions become barred by the statute of limitations. Civil Code (1910), § 4317. Accordingly, the payment alleged to have been made in this case can not be recovered on the first ground set forth in the petition.

2. But the payment was not voluntary if made under an honest mistake of fact. Accordingly, if at the time of the payment there had been an actual nullification and release of the execution by the act of the defendant's testator, the plaintiff would be entitled to prevail under the second contention set forth in his petition. It being an issue of fact whether the instrument constituting the release was genuine, or whether the name of the defendant's testator signed thereto was a forgery, the court erred in directing a verdict in favor of the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*